O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DOROTHY L. EVOLA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2380 |
| | § | |
| **ASPEN TECHNOLOGY, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are the Defendant Aspen Technology, Inc.'s Request to Enter Bill of Costs (Dkt. #37) and Plaintiff Dorothy L. Evola's Motion for Leave to File Challenge (Dkt. #41). The Court is of the opinion that Plaintiff's motion should be granted and Defendant's request should be granted in part and denied in part.

**I.      Factual and Procedural Background**

Plaintiff, sued the defendant for age discrimination under the Texas Commission on Human Rights Act, Tex. Labor Code 21.002 *et. seq*. On September 29, 2004, this Court entered an order granting Defendant's motion for summary judgment because the Court determined that she had failed to establish a prima facie case for discrimination. The Court, therefore, dismissed Plaintiff's claims and entered a final judgment in favor of the Defendant. Defendant subsequently filed this motion to recover costs it incurred in defending the action.

**II.     Plaintiff's Motion for Leave to File Challenge**

Defendant filed its Bill of Costs and Memorandum of Authorities in Support of its Bill of Costs ("Memorandum") on October 13, 2004. The Local Rules provide that any objections to a bill of costs must be filed within five days of the bill's filing. *See* S.D. Tex. Local Rules 54.2. Thus, under the Local Rules, the Plaintiff's objections to Defendant's Bill of Costs should have been filed

by October 18, 2004. Plaintiffs sought to file her Challenge and Response to Defendant's Bill of Costs on November 3, 2004, 16 days after the deadline. Defendant urges the Court to deny the motion for leave to file and simply grant its Bill of Costs as unopposed. The Court does not feel Defendant has been prejudiced in anyway by the Plaintiff's tardiness. Therefore, the Court will exercise its discretion and grant Plaintiff's motion for leave to file.

**III.    Defendant's Bill of Costs**

As the prevailing party,[1] Defendant seeks to recover all taxable costs incurred in litigating this dispute pursuant to Federal Rule of Civil Procedure 54(d). Defendant has outlined the costs to be taxed against Plaintiff in its Bill of Costs.

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d); *accord Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 205 n.5 (5th Cir. 1995). Taxation of costs under Rule 54(d) is a matter within the Court's discretion, although this discretion is limited by the express provisions of 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987). "The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920." *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997); *accord* 28 U.S.C. § 1920; *Crawford Fitting Co.*, 482 U.S. at 441-42. Thus, a court may only tax the following as "costs": (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of stenographic transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts. 28 U.S.C. § 1920; *accord Crawford Fitting Co.,* 482 U.S. at 440. Allowable costs are limited to these

---

[1] Final Judgment was entered on September 29, 2004.

categories, and expenses that are not authorized by statute must be borne by the party incurring them. *See Crawford Fitting Co.*, 482 U.S. at 441-42.

The Fifth Circuit has noted that

> [w]hile the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, "the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption . . . (since) denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation."

*Walters v. Roadway Exp., Inc.* 557 F.2d 521, 526 (5th Cir. 1997) (quoting *Popeil Bros. v. Schick Elec., Inc.* 516 F.2d 772, 775 (7th Cir. 1975). If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora*, 952 F. Supp. at 417 ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case.").

Defendant claims the following expenses should be included in taxable costs.

| Cost | Amount |
| --- | --- |
| Fees of the Clerk | $150.00 |
| Fees of Court Reporters | $980.00 |
| Fees for Exemplification and Copies | $1,642.20 |
| Other Costs | $6,232.71 |
| Total | $9,004.91 |

Under the general category of "Other Costs," Defendant claims the following expenses should be included in taxable costs:

| Cost | Amount |
| --- | --- |
| Computer Legal Research Services | $3,762.24 |
| Expert | $1,215.00 |
| Facsimile | $238.50 |
| Messenger Charges | $510.90 |
| Parking | $2.00 |
| Postage | $215.52 |
| Record/Document Retrieval Fee | $185.52 |
| Telephone | $103.03 |
| Total | $6,232.71 |

Plaintiff objects to the inclusion of $8,185.41 of the Defendant's claimed expenses, and urges

3

the Court to reduce the Defendant's Bill of Costs to the amount of $819.50.

### A.  Court Reporter Fees

Plaintiff objects to a total of $980.00 for court reporter fees on the ground Defendant's blanket declaration on its Bill of Costs that the fees were for all or any part of a transcript necessarily obtained for use in the case is insufficient to prove that such fees were in fact necessarily obtained for use in the case.[2]  The Court is of the opinion that the evidence submitted by the Defendant suffices to show that the stenographic transcripts "were necessarily obtained for use in the case" and the fees of the court reporter for such transcripts should be allowed.

Plaintiff also challenges the $100.00 for a court reporter on July 10, 2003 that Defendant claims as a taxable cost for an appearance fee.  The Plaintiff argues that the case was removed to federal court on July 2, 2003, and that on that date there was never a pending notice of Dorothy L. Evola's Deposition.  The Court is persuaded that Plaintiff's argument warrants denying the $100.00 cost claimed by the Defendant.

### B.  Costs of Photocopying

Plaintiff also objects to Defendant's claim of $1,642.20 as a cost for photocopies.  Plaintiff objects on the ground that the Defendant's blanket declaration in support of the showing required by 28 U.S.C. § 1920 is insufficient absent a statement or verification of facts necessary to support the inclusion of such an expense in taxable costs.  Plaintiff argues that the dates of the invoices do

---

[2] As she does throughout her Challenge and Response to Defendant's Bill of Costs, Plaintiff also objects to the use of the attachments to Defendant's Memorandum of Authorities in Support of its Bill of Costs ("Memorandum") (Dkt. # 38) on the ground that these attachments consist of unverified hearsay.  The records presented by the Defendant consist of invoices and billing records indicating that $669.50 was spent for the deposition and certified copy of the transcript of the Plaintiff Dorothy Evola; $210.00 was spent for a copy of the transcript of an employee of Defendant, Sally Vardy; and $100.00 was spent for "Court Reporter . . . 07/10/03 Appearance Fee for the deposition of Dorothy L. Evola."  Plaintiff's arguments based on hearsay are without merit.  The declaration on the Bill of Costs made pursuant to 28 U.S.C. § 1924 extends to the exhibits attached to the Memorandum which was filed on even date therewith.

not support that the duplication charges were incurred for copies necessarily obtained for use in the case. Photocopies obtained for use in a case can be included within taxable costs if the prevailing party demonstrates necessity. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales Inc.*, 729 F.2d 1530, 1553 (5th Cir.1984). However, not every piece of paper that passes through a copy machine is a taxable cost. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir. 1976). Other than the signed declaration and Exhibit 1 attached to Defendant's Memorandum, Defendant provides no facts indicating the reason for the photocopies made or to whom they were provided. Without this information, Defendant cannot demonstrate necessity. Therefore, Defendant is not entitled to recover the $1,642.20 cost for photocopies.

    **C.**    **"Other Costs"**

Plaintiff also seeks a reduction of the total amount Defendant claims as charges for its "other costs." Defendant's argument that it is entitled to the following "other costs" that are not listed in § 1920 is without merit.

    **1.**    **Facsimile, Messenger, Postage, and Telephone Charges**

Plaintiff objects to Defendant's request for facsimile charges ($238.50), messenger charges ($510.90), postage charges ($215.52) and telephone charges ($103.03) on the ground that such charges are not authorized by § 1920. The case law cited by Defendant does not support its contention that it may recover these expenses as costs under § 1920. In addition, one of the cases cited by Defendant in support of its Bill of Costs specifically contradicts the proposition for which Defendant cites it. *See Embotelladora Agral Regiomontana S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415 (N.D. Tex. 1997). In *Embotelladora*, the court deducted telecopy charges, Federal Express charges, postage charges, computer research charges, mileage/parking charges, long distance charges, and courier charges from the prevailing party's bill of costs holding that those expenses could not be recovered under § 1920. *Id.* at 419. The court reasoned that telephone

expenses, and other expenses related to the mailing, transmission or delivery of documents, represent overhead costs, not litigation costs. *Id.* at 418. The court also noted that those expenses are not included in § 1920 as a recoverable cost. The Court finds the *Embotelladora* court's reasoning to be persuasive. Thus, Defendant's request for $1,067.95 for costs related to facsimile, messenger service, postage, and telephone expenses is denied.

### 2.   Expert Witness Fees

Defendant's Bill of Costs includes $1,215.00 for what appears to be a fee paid for a written expert report. Section 1920(3) allows the Court to tax as costs fees and disbursements for witnesses. Expert witnesses are allowed only the fees allowed "fact witnesses," as prescribed by 28 U.S.C. § 1821. *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193, 1194-95 (5th Cir.1986) (en banc), *aff'd* 482 U.S. 437, 107 S. Ct. 2494 (1987). Under 28 U.S.C. § 1821, "fact" witnesses are entitled to a $40.00 per day attendance fee for appearing at depositions or in court. In her Challenge and Response to Defendant's Bill of Costs, Plaintiff states that "the purported expert was never a deposition or trial witness in this case." 28 U.S.C. § 1821 does not authorize fees for expert reports. Because Defendant has not sought to challenge Plaintiff's assertion that the expert was not a witness in attendance at any court or at a deposition, his fees are not recoverable. *See Sullivan v. Cheshier*, 991 F. Supp. 999, 1002-03 (N.D. Ill. 1998).

### 3.   Computer Research Charges

Defendant seeks reimbursement $3,762.24 for computer research charges it incurred in defending the instant lawsuit. As these charges are not listed in § 1920, they are not recoverable. *See Embotelladora*, 952 F. Supp. at 418-19 (holding that charges for computer-assisted research is not recoverable under § 1920 and that such charges are more akin to an award of attorney's fees than costs).

    **4.**     **Other Miscellaneous Charges**

Under the rubric of "other costs" Defendant has also sought to recover expenditures for parking ($2.00), record/document retrieval ($185.52), and telephone charges ($103.03). Reimbursement for these charges is clearly not authorized by § 1920.

## CONCLUSION

For the foregoing reasons, Defendant's Request to Enter Bill of Costs (Dkt. # 37) is GRANTED in part and DENIED in part and Plaintiff's Motion for Leave to File Challenge (Dkt. #41) is GRANTED. Accordingly, it is ORDERED that Defendant shall recover from Plaintiff $1,303.00 for the costs incurred in litigating this dispute.[3]

Signed this 27th day of July, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[3] The Court reached this amount by deducting $7,974.91 (the amount of Defendant's costs disallowed by the rulings set forth herein) from $9,004.91 (Defendant's total claimed costs).